**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| INDIANA STATE COUNCIL OF CARPENTERS PENSION FUND; CENTRAL MIDWEST CARPENTERS FRINGE BENEFIT FUNDS, INC.; INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS JOINT APPRENTICESHIP AND TRAINING FUND; and CENTRAL MIDWEST REGIONAL COUNCIL OF CARPENTERS,<br><br>        Plaintiffs,<br><br>   vs.<br><br>J.A. WEVER CONSTRUCTION, LLC, a Nebraska limited liability company, and<br><br>AMERICAN ALTERNATIVE INSURANCE CORPORATION, a Delaware corporation,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No.: 1:26-cv-01215<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

NOW COME the Plaintiffs, the INDIANA STATE COUNCIL OF CARPENTERS PENSION FUND, CENTRAL MIDWEST CARPENTERS FRINGE BENEFIT FUNDS, INC., the INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS JOINT APPRENTICESHIP AND TRAINING FUND ("collectively, the "Trust Funds"), and the CENTRAL MIDWEST REGIONAL COUNCIL OF CARPENTERS ("Union") (the Trust Funds and Union collectively referred to as "Plaintiffs"), by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendants, J.A. WEVER CONSTRUCTION, LLC ("J.A. Wever") and AMERICAN ALTERNATIVE INSURANCE CORPORATION ("AAIC"), and allege as follows:

## JURISDICTION AND VENUE

1. Count I of this action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act. (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of the action pursuant to 29 U.S.C. §§1132(e)(1) and 1145, as well as 28 U.S.C. § 1331.

2. Count II alleges breach of contract arising from AAIC's breach of the Contractors Wage, Wage Deduction and Fringe Benefit Bond executed by J.A. Wever and issued by AAIC (the "Bond"). The Court has supplemental jurisdiction over the subject matter of Count II pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the Trust Funds are administered, among other places, within the jurisdiction of the United States District Court, Southern District of Indiana, Indianapolis Division and a substantial portion of the events or omissions giving rise to Plaintiffs' claims occurred within the jurisdiction of the United States District Court, Southern District of Indiana, Indianapolis Division.

## PARTIES

4. The Trust Funds receive contributions from numerous employers pursuant to collective bargaining agreements ("CBAs"), and therefore, are multiemployer benefit plans as defined by 29 U.S.C. § 1002(37).

5. The Trust Funds were established and are administered pursuant to the terms and provisions of certain Agreements and Declarations of Trust ("Trust Agreements").

6.  Pursuant to Sections 502(a)(3) and 515 of ERISA (29 U.S.C. §§ 1132 and 1145), the Trust Funds are authorized to bring this action on behalf of their participants and beneficiaries for the purpose of collecting unpaid contributions.

7.  CENTRAL MIDWEST CARPENTERS FRINGE BENEFIT FUNDS, INC. is the authorized collection agent for the Central Midwest Regional Council of Carpenters Welfare Fund and the Central Midwest Regional Council of Carpenters Defined Contribution Pension Plan.

8.  The Union is a labor organization whose duly authorized officers or agents are engaged in representing or acting for employee member within this judicial district.

9.  The Union is the bargaining representative of J.A. Wever's bargaining unit employees.

10. J.A. Wever is a Nebraska limited liability company with its principal place of business in North Platte, Nebraska.

11. AAIC is a Delaware corporation with its principal place of business in Princeton, New Jersey.

## COUNT I
## BREACH OF THE COLLECTIVE BARGAINING AGREEMENTS

12. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-11 of this Complaint with the same force and effect as if fully set forth herein.

13. J.A. Wever is an employer engaged in an industry affecting commerce.

14. J.A. Wever entered into a Memorandum of Agreement ("MOA") with the Union. (A copy of the MOA is attached as **Exhibit 1**).

15. Through the MOA, J.A. Wever agreed to be bound by the Union's various CBAs. (**Exhibit 1**).

16. Through the CBAs, J.A. Wever agreed to be bound by the Trust Funds' respective Trust Agreements (the "Trust Agreements").

17. Pursuant to the provisions of the CBAs and Trust Agreements, J.A. Wever is required to make monthly reports of the number of hours worked by its covered employees ("monthly remittance reports") and pay contributions to the Trust Funds and wage deductions to the Union at the negotiated rate set forth in the CBAs on or before the twentieth (20th) day following the month in which the work was performed.

18. Pursuant to the power granted to them through the Trust Agreements, the Trustees of the Trust Funds adopted a Collections and Payroll Audit Policy ("Collections/Audit Policy"), which governs the collection of delinquent employer contributions and the performance of payroll compliance audits.

19. Pursuant to Section 502(g)(2) of ERISA, the Collections/Audit Policy, and the Trust Agreements, employers who fail to submit their monthly remittance reports and remit contributions to the Trust Funds are responsible for the payment of liquidated damages, interest, and attorneys' fees and costs associated with the collection of the delinquent contributions.

20. Pursuant to the CBAs, Trust Agreements, and Collections/Audit Policy, J.A. Wever is required to furnish the Trustees, upon request, with information that the Trust Funds' auditors may require in order to determine the accuracy of the contributions remitted by J.A. Wever.

21. The Trust Funds' payroll compliance auditors conducted an examination of J.A. Wever's books and records for the period of March 1, 2024, through October 31, 2024 (the "Audit").

22. The Audit revealed that J.A. Wever owes Plaintiffs $95,675.94, itemized as follows:

| Type: | Amount: |
|---|---|
| Contributions owed to Trust Funds | $67,100.74 |
| Contributions/deductions owed to Union | $5,944.98 |
| Liquidated Damages | $6,710.07 |
| Interest | $13,420.15 |
| Audit Fees | $2,500.00 |
| **Total:** | **$95,675.94** |

23. Since being notified of the Audit's findings, J.A. Wever remitted payment to Plaintiffs in the amount of $50,580.80, accordingly, J.A. Wever currently owes Plaintiffs $46,923.49, itemized as follows:

| Type: | Amount: |
|---|---|
| Contributions owed to Trust Funds | $22,464.92 |
| Deductions/Contributions owed to the Union | $1,828.35 |
| Liquidated Damages | $6,710.07 |
| Interest | $13,420.15 |
| Audit Fees | $2,500.00 |
| **Total:** | **$46,923.49** |

24. J.A. Wever has a continuing obligation to submit monthly remittance reports and pay contributions and wage deductions to Plaintiffs; thus, additional contributions, wage deductions, liquidated damages, and interest may become due and owing.

25. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from J.A. Wever.

26. J.A. Wever is obligated to pay the reasonable attorneys' fees and court costs incurred by Plaintiffs pursuant to the CBAs, Trust Agreements, Audit/Collection Policy, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request that:

A. Judgment be entered in favor of Plaintiffs and against Defendant J.A. Wever in the aggregate amount of $46,923.49, itemized below:

      i.      $22,464.92 in contributions owed to the Trust Funds;

     ii.      $1,828.35 in contributions and wage deductions owed to the Union;

    iii.      $6,710.07 in liquidated damages;

    iv.      $13,420.15 in interest; and

     v.      $2,500.00 in audit fees.

B.    Judgment be entered in favor of Plaintiffs and against Defendant J.A. Wever  for any amounts discovered to be owed in addition to those set for in Paragraph A;

C.    Defendant J.A. Wever be ordered to pay the reasonable attorneys' fees and costs incurred by Plaintiffs pursuant to the CBAs, Trust Agreements, Audit/Collection Policy, and 29 U.S.C. § 1132(g)(2)(D); and

D.    Plaintiffs have such other and further relief as the Court may deem just and equitable all at Defendant J.A. Wever's cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

## COUNT II
## BREACH OF CONTRACT

27. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-26 of this Complaint with the same force and effect as if fully set forth herein.

28. On March 26, 2024, J.A. Wever executed the Bond in which included a penal sum of $50,000.00.  (A copy of the Bond is attached as **Exhibit 2**).

29. Pursuant to the terms of the Bond, AAIC is obligated to pay contributions and deductions that may be specified under the CBA as are due and unpaid within ten (10) days of the receipt of notice or filing of evidence with AAIC of the delinquency in payment of the J.A. Wever's obligations.  (**Exhibit 2**).

30. On March 5, 2026, Plaintiffs made a claim against the Bond in the amount of $46,923.49 for unpaid contributions, dues, interest, liquidated damages, and audit fees owed to

Plaintiffs by J.A. Wever (the "Bond Claim").  (A copy of the Bond Claim is attached as **Exhibit 3**).

31.    On March 19, 2026, AAIC responded to Plaintiffs' Bond Claim and requested that Plaintiffs produce additional documents to support their claim.

32.    On March 26, 2026, Plaintiffs submitted the following documents to AAIC in support of the Bond Claim: (1) a completed Proof of Claim Affidavit; (2) a copy of the Audit report; (3) an itemization of contributions and wage deductions owed to the Union; (4) a copy of the MOA; (5) copies of the applicable CBAs; (6) a copy of the Audit/Collection Policy; (7) and Plaintiffs' counsel's correspondence with J.A. Wever's counsel ("Proof of Claim"). (A copy of the Proof of Claim is attached as **Exhibit 4**).

33.    AAIC has failed to remit payment within ten (10) days of receiving Plaintiffs' Proof of Claim.

34.    AAIC's failure to remit payment is a violation of the Bond.

35.    Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from AAIC.

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court enter a judgment in favor of Plaintiffs and against Defendant AAIC in the aggregate amount of $46,923.49 to be applied to the amounts claimed in Count I above.

Respectfully submitted,

**INDIANA STATE COUNCIL OF CARPENTERS PENSION FUND** *et al.*

/s/ Elishua J. Burca

Elishua J. Burca (39634-49)
JOHNSON & KROL, LLC
11611 N. Meridian Street, Suite 310
Carmel, Indiana 46032
Phone: (317) 864-3587
Facsimile: (312) 255-0449
burca@johnsonkrol.com